UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | | |
|---|---|---|
| DIANA PAPAZOROS,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILIARLY SITUATED,<br><br>Plaintiff,<br>v<br><br>ADVANCED CALL CENTER TECHNOLOGIES, LLC,<br><br>Defendant. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | Civil Action, File No.<br>2:17-cv-04051-DRH-ARL |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Diana Papazoros [hereinafter "Papazoros"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Advanced Call Center Technologies, LLC [hereinafter "ACCT"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on ACCT' regular transaction of business within this district.  Venue in this district also is proper based on ACCT possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  ACCT also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Papazoros is a natural person who resides at 407 Miller Place Road, Miller Place, NY 11764.

6. Papazoros is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about June 11, 2016, ACCT sent Papazoros the letter annexed as Exhibit A. Papazoros received and read Exhibit A. For the reasons set forth below, Papazoros's receipt and reading of Exhibit A deprived Papazoros of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, ACCT sent Exhibit A to Papazoros in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a JCPenney credit card account by Synchrony Bank for her individual use, individually incurring charges by using the credit card account, and then, as an individual, failing to pay for these charges. A JCPenney credit card account is an account issued to consumers for use at JCPenney and JCPenney sell goods used primarily by consumers primarily for personal, family or household purposes. ACCT, via Exhibit A, attempted to collect this past due debt from Papazoros in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. ACCT is a Georgia Domestic Limited Liability Company and a New York Foreign Limited Liability Company located in Tennessee.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. ACCT possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon ACCT possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of ACCT is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, ACCT sets forth that it is a debt collection agency attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above three paragraphs, ACCT is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A is the written notice required under 15 USC § 1692g(a).

17. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "Synchrony Bank may continue to add interest and fees as provided in your agreement."

18. However, Exhibit A did not set forth what Papazoros would need to pay to resolve the debt at any given moment in the future, and/or did not set forth a clear explanation of the interest, late charges, and other charges that would cause the amount of the debt on the date of Exhibit A to increase.

19. For the above reason, Exhibit A did not set forth the amount of the "debt"; and therefore ACCT violated 15 USC § 1692g(a)(1) by sending Exhibit A to Papazoros.

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

21. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "Synchrony Bank may continue to add interest and fees as provided in your agreement."

22. If on the date of Exhibit A Synchrony Bank was not accruing interest and fees, then the statement set forth in the above paragraph amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) and/or a violation of 15 USC § 1692g(a)(1).

## THIRD CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

24. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. ACCT violated 15 USC § 1692g(a)(1) by sending Exhibit A to Papazoros.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

28. The class consist of (a) all natural persons (b) who received a letter from ACCT dated between June 11, 2016 and June 11, 2017 (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

29. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

30. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

31. The predominant common question is whether Defendant's letters violate the FDCPA.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

33. A class action is the superior means of adjudicating this dispute.

34. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against ACCT in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:     April 30, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107